HENRY A. WELLS, APPELLEE, V. WARREN GARRISON ET AL., APPELLANTS.

FILED MAY 29, 1914. No. 17,684.

Guaranty: CONDITIONS PRECEDENT: LIABILITY. W. supplied H. with goods, wares and merchandise, on the oral directions of G., coupled with the further direction that W. present, monthly, written orders from H. W. obtained from H. three written orders as directed, which were presented to and accepted by G., and also supplied H. with goods in excess of such orders. *Held,* That the direction from G. to W. to present written orders from H. constituted a condition precedent upon which G. agreed to be bound for goods furnished by W. to H., and that for the goods furnished in excess of such orders G. is not liable.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Reversed with directions.*

*H. M. Sinclair,* for appellants.

*N. P. McDonald, contra.*

FAWCETT, J.

Plaintiff brought suit in justice court, in Buffalo county, to recover for goods, wares, and family necessaries, sold and delivered by plaintiff to one Charles Huff, an employee of defendants, on the order and request of defendants. Plaintiff recovered judgment, and defendants appealed to the district court, where, on a trial to the court without the intervention of a jury, plaintiff again recovered, and defendants now appeal to this court.

The petition in the district court alleged that plaintiff was engaged in the general mercantile business; that one Charles Huff, who was then in the employ of the defendants, made application to plaintiff to purchase goods on credit for himself and family, which plaintiff refused; that thereupon defendants orally agreed with plaintiff that, if plaintiff would let the said Huff have goods for himself and family in amount not exceeding the sum of $25 a month, they would pay for the same upon the first of each month, and directed the plaintiff to present orders on them monthly for the amount of the goods so purchased; that, relying upon the promise of defendants and at their instance and request, plaintiff furnished goods to Huff during the period of time covering the months of February to July, inclusive, in 1909; that Huff made and delivered to plaintiff written orders on defendants on or about April 1, May 6, and June 10, 1909, for sums aggregating $88.79, which orders plaintiff presented to defendants, and they orally accepted the same; that during all the time the goods were being furnished to Huff he was in the employ of defendants at a salary of $45 a month, and at the time of the presentation of said orders, and afterwards, defendants had in their possession funds belonging to Huff, or were indebted to him to the amount of said orders; that at the time of the presentation of the orders defendants accepted the same and now have them in their possession. The answer was a general denial.

Wells v. Garrison.

Upon the trial the evidence was conflicting. It is ample to sustain the allegation of plaintiff's petition as to the furnishing of the goods, but we do not think it is sufficient to sustain a recovery beyond the sum of the three orders set out in the petition, which, according to the evidence, were as follows: March 27, 1909, $38.85; May 8, $25; June 18, $23.87. The agreement on the part of defendants to pay for goods furnished by plaintiff to Huff to the extent of $25 a month was coupled with the direction to plaintiff to present, monthly, written orders from Huff. The agreement to pay and the direction to furnish written orders constituted a single transaction and made the furnishing of the written order a condition precedent to the right to demand payment. The reason for this requirement is apparent. Defendants of course intended to make these payments out of Huff's wages, and they evidently did not want to have any controversy with their employee as to the amounts of such deductions. For the amounts covered by the orders defendants are liable. For the goods furnished in excess thereof they are not. The trial court entered judgment for the entire amount of plaintiff's claim. This was an excessive allowance.

The judgment of the district court is reversed and the cause remanded, with directions to enter judgment for plaintiff for the amounts of the three orders, as above indicated, with interest from their respective dates to the time of entering judgment; the costs in this court to be taxed to plaintiff; and all costs in the court below to be taxed to defendants.

REVERSED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.